### MERRITT v. MIDDLETON et al.

#### (Circuit Court, S. D. New York. May 13, 1893.)

1. PATENTS FOR INVENTIONS—VALIDITY—COMBINATION—EYEGLASS HOLDERS.
The claim of letters patent No. 175,821, granted April 11, 1876, to I. N. Clawson, for improvements in eyeglass holders, was as follows: "The inwardly closing hook, B, bottom bend, C, and bar, E, with the contact point closing the upper space of the bend, in combination with the single laterally extending open eye, D, and with the coil, F, and pin, G, all constructed and arranged to form an improvement in eyeglass holders." *Held*, that this is merely an aggregation of old elements, and not a combination, within the meaning of the patent laws.

2. SAME—ANTICIPATION.
This patent is anticipated by British letters patent No. 1,788, granted to Montleart & Tent in 1863, for an improved hook, ordinarily used to attach fabrics to a support; for this device, when inverted, is identical with that of Clawson's patent, save that the hook of the latter is bent inward, while the former bends outward.

3. SAME—INFRINGEMENT—ESTOPPEL.
Where an applicant for a patent has acquiesced in the decision of the patent office that a certain feature of his invention is anticipated by a patent referred to, he is estopped to claim an infringement of that feature of his patent thereafter.

In Equity. Suit by Samuel F. Merritt against John D. and Reuben S. Middleton and others for infringement of a patent. Bill dismissed.

Philip J. O'Reilly, for complainant.
Fowler & Fowler, for respondents.

TOWNSEND, District Judge. This is a suit for alleged infringement of letters patent No. 175,821, for "improvements in eyeglass holders," granted to I. N. Clawson, April 11, 1876, and subsequently assigned to complainant. An application for a preliminary injunction was denied. The defenses alleged are noninfringement, anticipation, want of patentable novelty in view of the state of the art, and that the patented article is not a combination, but is a mere aggregation.

In support of these defenses, defendants introduced in evidence a copy of the file wrapper and contents of complainant's patent. From this it appeared that the original description of the invention was no broader than that contained in the patent as issued. But the patentee originally presented three claims, as follows:

"(1) The inwardly closing hook, B, bearing against the length, E, to its full extent, whereby there is formed a closed point, a, at the upper portion of the space of the bottom bend, C, substantially as and for the purpose set forth. (2) The open eye, D, formed of a single bend, in combination with the bottom bend, C, and hook, B, substantially as and for the purpose set forth. (3) The inwardly closing hook, B, bottom bend, C, and bar, E, with the contact point, a, closing the upper space of the bend, in combination with the single laterally extending open eye, D, and with the coil, F, and pin, G, all constructed and arranged to form an improvement in eyeglass holders, as set forth, and operate as specified."

Upon citation of anticipations the patentee canceled the first two claims for certain elements of the combination, leaving only the third and narrowest claim for all the elements combined, as therein described. The effect of such action on the part of the patentee is to confine him strictly to the limited scope of the invention as a combination, as described in the specification and stated in the claim. Having acquiesced in the construction placed upon his claims by the patent office, he is estopped to thereafter attempt to enlarge the scope of his invention beyond the precise terms of the grant. McCormick v. Talcott, 20 How. 402; Keystone Bridge v. Phoenix Iron Co., 95 U. S. 274; White v. Dunbar, 119 U. S. 47, 7 Sup. Ct. Rep. 72; Roemer v. Peddie, 132 U. S. 317, 10 Sup. Ct. Rep. 98; Williams v. Shoe Co., 49 Fed. Rep. 245. After acquiescing in the rejection of claims original 1 and 2, which were broader than original 3, the one in the patent, the claim of the patent must be construed strictly against the patentee. Each of the several elements of the claim are thus made essential parts of the combination, and each specified limitation of each element so claimed is also an essential part of the device. J. L. Mott Iron Works v. Standard Manuf'g Co., 51 Fed. Rep. 81, and cases cited.

Defendants further introduced 11 patents and certain models in support of the various defenses alleged in the answer. These exhibits illustrated the state of the art, and showed that every element of the combination claimed in the patent in suit was old. I have not considered them in detail, because all the evidence, taken together, shows that the patentee was not in any sense a pioneer in the field; that the scope for invention therein was very limited; that the combination claimed by the patentee had been described in a printed publication before his invention; that,

even if not so described, the changes made by the patentee did not involve invention, but were such as would be obvious to any person skilled in the art; and, finally, because the patented article consists of a mere aggregation of parts, and is not a combination, in the sense of the patent law.

The English patent No. 1,788, granted to Montleart & Tent in 1863, for an improved hook, with its accompanying drawings, shows, when inverted, an anticipation of the invention claimed in the patent in suit. This patent is for a hook for suspending dresses or fabrics, in which the hook is ordinarily used to attach the fabric to a support, while the fastening pin is used to hold the fabric. But the inventor says: "It may also be used beneficially with either end uppermost, according to the use to which for the time it may be applied," and "by reversing the fastening, and inserting the pin in any fixed fabric, the hook will project, and be ready to receive any light articles which may be suspended therefrom." It consists of a piece of metal so bent as to form the pin, G, the coil, F, the laterally extending open eye, D, and the bottom bend, C, of complainant's patent. The only difference between Fig. 4 of the English patent and the drawings of complainant's patent is that in the former the hook is open, while in the latter it is closed. To be sure, the two pieces are soldered together in Fig. 4, but in Fig. 1 the complete holder is made of a single piece of metal. This printed description and drawings, which show all the elements of complainant's invention in practically the same combination, establish the defense of nonpatentability. That the hook in the English patent is bent open, so as to more easily receive articles to be placed upon it, while in complainant's patent it is closed, is not material. The first thing that any one would do if he wished to use one of the English hooks would be to bend it out or in, according to the use to be made of it. It does not require the knowledge of the mechanic skilled in the art to so change the article as to adapt it to a new purpose. The ordinary individual, finding one of these articles on his dressing table, would readily recognize its utility, when inverted, as is suggested by the patentee, to suspend light articles, such as eyeglasses.

Complainant alleges that defendants' hook impinges against the adjoining bar at a point above the bend of the holder, and therefore is an infringement of the inwardly closing hook, bearing against the length of the bar, and forming a closed point at the upper portion of the bottom bend, claimed in his alleged combination. This inwardly closing hook is the only element of complainant's holder which is not identical with the Montleart & Tent hook. But complainant is estopped to make this claim by his acquiescence in the decision of the patent office that the claim for such hook was anticipated by patent No. 122,629, granted to him January 9, 1872. Furthermore, such hook is found in other patents introduced by the defendants. The patented device consists merely of an aggregation of the claims rejected by the patent office, and certain old elements, without the production of any new and useful result. It is not a combination. Counsel

for defendants have illustrated this point by adopting the language of Judge Coxe in Bunching Co. v. Williams Co., 44 Fed. Rep. 190, substituting the terms of the patent in suit, as follows:

"What reciprocity can there be between the hook, B, at one end of the eyeglass holder, and the pin, G, and the coil, F, at the other end of the holder? In what way does the pin. G, and coil, F, act upon the hook, B, or the hook, B, upon the pin, G, and coil. F? Remove either, and the other will perform its function unimpaired. The hook, B, is simply a convenient device for holding the eyeglass. There is no combination between the pin, G, and coil, F, which act to secure the holder upon a garment, and the hook, B, for holding the eyeglass at the other end."

Let a decree be entered dismissing the bill.